**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**SAMUEL & STEIN**
David Stein (DS 2119)
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884
dstein@samuelandstein.com

Attorneys for Plaintiff, Individually
and on behalf of all others similarly
situated

| | |
|---|---|
| Jian Wu Lin, on behalf of himself and all other persons similarly situated, | |
| Plaintiff, | DOCKET NO. 18-cv-933 |
| - vs. – | **COMPLAINT** |
| Jing Wah Chinese Restaurant Inc., Yi Ping Ou, and John Does #1-10, | |
| Defendants. | |

Plaintiff Jian Wu Lin, by and through his undersigned attorneys, for his complaint against defendants Jing Wah Chinese Restaurant Inc., Yi Ping Ou, and John Does #1-10, alleges as follows, on behalf of himself and on behalf of all other persons similarly situated:

<u>**NATURE OF THE ACTION**</u>

1.   Plaintiff Jian Wu Lin alleges on behalf of himself and on behalf of other similarly situated current and former

employees of defendants Jing Wah Chinese Restaurant Inc., Yi Ping Ou, and John Does #1-10, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are entitled to: (i) compensation for wages paid at less than the statutory minimum wage, (ii) unpaid wages from defendants for overtime work for which they did not receive overtime premium pay as required by law, and (iii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because defendants' violations lacked a good faith basis.

2.   Mr. Lin further complains that he is entitled to (i) compensation for wages paid at less than the statutory minimum wage; (ii) back wages for overtime work for which defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations; (iii) compensation for defendants' violations of the "spread of hours" requirements of New York Labor Law; (iv) compensation for unreasonably delayed wages; (v) liquidated damages pursuant to New York Labor Law for these violations; and (vi) statutory damages for defendants' violation of the Wage Theft Prevention Act.

## THE PARTIES

3.    Plaintiff Mr. Lin is an adult individual residing in Brooklyn, New York.

4.    Mr. Lin consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b); his written consent is attached hereto and incorporated by reference.

5.    Upon information and belief, defendant Jing Wah Chinese Restaurant Inc. ("Jing Wah") is a New York corporation with a principal place of business at 8720 Liberty Ave., Ozone Park, New York.

6.    At all relevant times, defendant Jing Wah has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

7.    Upon information and belief, at all relevant times, defendant Jing Wah has had gross revenues in excess of $500,000.00.

8.    Upon information and belief, at all relevant times herein, defendant Jing Wah has used goods and materials produced in interstate commerce, and has employed at least two individuals who handled such goods and materials.

9.    Upon information and belief, at all relevant times, defendant Jing Wah has constituted an "enterprise" as defined in the FLSA.

10.   Upon information and belief, defendant Yi Ping Ou is an owner or part owner and principal of Jing Wah, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

11.   Defendant Yi Ping Ou was involved in the day-to-day operations of Jing Wah and played an active role in managing the business.

12.   For example, Yi Ping Ou hired plaintiff, set his wages and schedule, and paid him his wages.

13.   Upon information and belief, defendants John Does #1-10 represent the other owners, officers, directors, members, and/or managing agents of Jing Wah, whose identities are unknown at this time, who participated in the day-to-day operations of defendants, who have the power to hire and fire employees, set wages and schedules, and retain their records.

14.   Defendants constituted "employers" of Mr. Lin as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

15.   This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Mr. Lin's state law claims pursuant to 28 U.S.C. § 1367.   In addition, the Court has

jurisdiction over Mr. Lin's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

16.   Venue is proper in this district pursuant to 28 U.S.C. § 1391 because defendants' business is located in this district.

## COLLECTIVE ACTION ALLEGATIONS

17.   Pursuant to 29 U.S.C. § 206 and § 207, Mr. Lin seeks to prosecute his FLSA claims as a collective action on behalf of a collective group of persons defined as follows:

> All persons who are or were formerly employed by defendants in the United States at any time since January 26, 2015, to the entry of judgment in this case (the "Collective Action Period"), who were restaurant employees, and who were not paid statutory minimum wages and/or overtime compensation at rates at least one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

18.   The Collective Action Members are similarly situated to Mr. Lin in that they were employed by defendants as non-exempt restaurant employees, and were denied payment at the statutory minimum wage and/or were denied premium overtime pay for hours worked beyond forty hours in a week.

19.   They are further similarly situated in that defendants had a policy and practice of knowingly and willfully refusing to pay them the minimum wage or overtime.

20.  Mr. Lin and the Collective Action Members perform or performed the same or similar primary duties, and were subjected to the same policies and practices by defendants.

21.  The exact number of such individuals is presently unknown, but is known by defendants and can be ascertained through appropriate discovery.

## FACTS

22.  At all relevant times herein, defendants owned and operated a Chinese restaurant in Queens.

23.  Mr. Lin was employed at Jing Wah from approximately October 2016 through July 2017.

24.  Mr. Lin was employed as a delivery person; however, he also had numerous duties inside the restaurant, such as food preparation and cleaning, which he spent several hours doing each day.

25.  Mr. Lin's work was performed in the normal course of defendants' business and was integrated into the business of defendants, and did not involve executive or administrative responsibilities.

26.  At all relevant times herein, Mr. Lin was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

27.   Mr. Lin worked a regular schedule of six days per week for defendants, consisting of one eleven-hour day, three twelve-hour days, and two twelve-and-a-half-hour days.

28.   As a result, Mr. Lin was regularly working 72 hours per week each week of his employment.

29.   Defendants did not provide a time clock, sign in sheet, or any other method for employees to track their time worked.

30.   Mr. Lin was paid a monthly salary, once per month, at a rate of $1,500 per month.

31.   Mr. Lin received this amount for all hours he worked, regardless of the number of hours he worked each day, week, or month.

32.   As a result, Mr. Lin's effective rate of pay was always below the statutory federal and state minimum wages in effect at relevant times.

33.   In addition to his pay, Mr. Lin generally received some tips for his delivery work.

34.   However, defendants never provided Mr. Lin with any notices or information regarding the "tip credit."

35.   Upon information and belief, defendants did not keep records of all of the tips received by Mr. Lin.

36.   Moreover, Mr. Lin spent several hours each day on duties consisting of non-tippable work such as food preparation and cleaning the floor.

37.   Defendants' failure to pay Mr. Lin an amount at least equal to the federal or New York state minimum wages in effect during all relevant time periods was willful, and lacked a good faith basis.

38.   Mr. Lin was paid in cash throughout his employment, and he received no paystubs or wage statements of any sort with his pay.

39.   In addition, defendants failed to pay Mr. Lin any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

40.   Defendants' failure to pay Mr. Lin the overtime bonus for overtime hours worked was willful, and lacked a good faith basis.

41.   Mr. Lin worked six shifts per week that lasted in excess of ten hours from start to finish, and yet defendants willfully failed to pay him one additional hour's pay at the minimum wage for each such day, in violation of the New York Labor Law and the supporting New York State Department of Labor regulations.

42.   Defendants failed to provide Mr. Lin with a written notice providing the information required by the Wage Theft Prevention Act – including, *inter alia*, defendants' contact information, his regular and overtime rates, and intended allowances claimed – and failed to obtain his signature acknowledging the same, upon his hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

43.   Defendants failed to provide Mr. Lin with weekly records of his compensation and hours worked, in violation of the Wage Theft Prevention Act.

44.   Upon information and belief, throughout the period of Mr. Lin's employment, both before that time (throughout the Collective Action Period) and continuing until today, defendants have likewise employed other individuals like Mr. Lin (the Collective Action Members) in positions at defendants' restaurants that required little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

45.   Defendants applied the same employment policies, practices, and procedures to all Collective Action Members, including policies, practices, and procedures with respect to the payment of minimum wages and overtime.

46.   Upon information and belief, defendants have failed to pay these other individuals at a rate at least equal to the minimum wage, in violation of the FLSA and the New York Labor Law.

47.   Upon information and belief, these other individuals have worked in excess of forty hours per week, yet defendants have likewise failed to pay them overtime compensation of one-and-one-half times their regular hourly rate in violation of the FLSA and the New York Labor Law.

48.   Upon information and belief, these other individuals were not paid a "spread of hours" premium on days when they worked shifts lasting in excess of ten hours from start to finish.

49.   Upon information and belief, these other individuals were not provided with required wage notices or weekly wage statements as specified in New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act.

50.   Defendants violated the frequency of pay requirements of New York Labor Law § 191 by paying Mr. Lin and these other individuals monthly.

51.   Defendants' policy of paying Mr. Lin and these other individuals on a monthly basis rather than on an hourly basis also violated 12 N.Y.C.R.R. § 146-2.5.

52.  Upon information and belief, while defendants employed Mr. Lin and the Collective Action members, and through all relevant time periods, defendants failed to maintain accurate and sufficient time records or provide accurate records to employees.

53.  Upon information and belief, while defendants employed Mr. Lin and the Collective Action members, and through all relevant time periods, defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

## COUNT I

### (Fair Labor Standards Act – Minimum Wage)

54.  Mr. Lin, on behalf of himself and all Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

55.  At all relevant times, defendants employed Mr. Lin and the Collective Action Members within the meaning of the FLSA.

56.  Defendants failed to pay a salary greater than the minimum wage to Mr. Lin and the Collective Action Members for all hours worked.

57. As a result of defendants' willful failure to compensate Mr. Lin and the Collective Action Members at a rate at least equal to the federal minimum wage for each hour worked, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 206.

58. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

59. Due to defendants' FLSA violations, Mr. Lin and the Collective Action Members are entitled to recover from defendants their unpaid compensation plus liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II

### (New York Labor Law — Minimum Wage)

60. Mr. Lin repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

61. At all relevant times, Mr. Lin was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

62.   Defendants willfully violated Mr. Lin's rights by failing to pay him compensation in excess of the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and their regulations.

63.   Defendants' failure to pay compensation in excess of the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

64.   Due to defendants' New York Labor Law violations, Mr. Lin is entitled to recover from defendants his unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT III

### (Fair Labor Standards Act - Overtime)

65.   Mr. Lin, on behalf of himself and all Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

66.   At all relevant times, defendants employed Mr. Lin and each of the Collective Action Members within the meaning of the FLSA.

67.   At all relevant times, defendants had a policy and practice of refusing to pay overtime compensation to their

employees for hours they worked in excess of forty hours per workweek.

68. As a result of defendants' willful failure to compensate their employees, including Mr. Lin and the Collective Action Members, at a rate at least one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

69. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

70. Due to defendants' FLSA violations, Mr. Lin and the Collective Action Members are entitled to recover from defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT IV

### (New York Labor Law - Overtime)

71. Mr. Lin repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

72.  At all relevant times, Mr. Lin was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

73.  Defendants willfully violated Mr. Lin's rights by failing to pay him overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R. § 146.

74.  Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

75.  Due to defendants' New York Labor Law violations, Mr. Lin is entitled to recover from defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT V

### (New York Labor Law – Spread of Hours)

76.  Mr. Lin repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

77.  At all relevant times, Mr. Lin was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

78.  Defendants willfully violated Mr. Lin's rights by failing to pay him an additional hour's pay at the minimum wage for each day he worked shifts lasting in excess of ten hours from start to finish, in violation of the New York Labor Law §§ 650 *et seq.* and its regulations in 12 N.Y.C.R.R. § 146-1.6.

79.  Defendants' failure to pay the "spread of hours" premium was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

80.  Due to defendants' New York Labor Law violations, Mr. Lin is entitled to recover from defendants his unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## **COUNT VI**

### **(New York Labor Law - Frequency of Pay)**

81.  Mr. Lin repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

82. At all relevant times, Mr. Lin was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

83. Defendants willfully violated the rights of Mr. Lin by failing to pay him all of his wages owed within one week after the week in which those wages were earned, in violation of New York Labor Law § 191.

84. Defendants' failure to pay all wages owed on the applicable schedule was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

85. Due to defendants' New York Labor Law violations, Mr. Lin is entitled to recover from defendants damages for unreasonably delayed wages, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT VII

### (New York Labor Law – Wage Theft Prevention Act)

86. Mr. Lin repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

87.  At all relevant times, Mr. Lin was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

88.  Defendants willfully violated Mr. Lin's rights by failing to provide him with the wage notice required by the Wage Theft Prevention Act when he was hired, or at any time thereafter.

89.  Defendants willfully violated Mr. Lin's rights by failing to provide him with weekly wage statements required by the Wage Theft Prevention Act at any time during his employment.

90.  Due to defendants' New York Labor Law violations relating to the failure to provide paystubs, Mr. Lin is entitled to recover from the defendants statutory damages of $250 per day from February 27, 2015 through the end of his employment, up to the maximum statutory damages.

91.  Due to defendants' New York Labor Law violations relating to the failure to provide wage notices, Mr. Lin is entitled to recover from the defendants statutory damages of $50 per day from February 27, 2015 to the termination of his employment, up to the maximum statutory damages.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Lin respectfully requests that this Court grant the following relief:

a.  Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing Mr. Lin and his counsel to represent the Collective Action members;

b.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

c.  An injunction against defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

d.  A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

e.  Compensatory damages for failure to pay the minimum wage pursuant to the FLSA and New York Labor Law;

f.  An award of liquidated damages as a result of defendants' willful failure to pay the statutory minimum wage and overtime compensation pursuant to 29 U.S.C. § 216;

g.  Compensatory damages for failure to pay the "spread of hours" premiums required by New York Labor Law;

h.  Compensation for defendants' violation of the frequency of payment requirements of New York Labor Law;

i.  Liquidated damages for defendants' New York Labor Law violations;

j.  Statutory damages for defendants' violation of the New York Wage Theft Prevention Act;

k.  Back pay;

l.  Punitive damages;

m.  An award of prejudgment and postjudgment interest;

n.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

o.  Such other, further, and different relief as this Court deems just and proper.

Dated:  January 26, 2018

_____
David Stein
SAMUEL & STEIN
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884
Attorneys for Plaintiff,
*Individually and on behalf of an*
*FLSA collective action*

# EXHIBIT A

## CONSENT TO JOIN FORM

## CONSENT TO SUE UNDER FEDERAL FAIR AND LABOR STANDARDS ACT (FLSA)

I am an employee currently or formerly employed by JING WAH CHINESE RESTAURANT and/or related entities/individuals. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Retainer Agreement signed by the named plaintiff in this case:

To opt into this collective action, fill out this form and mail, fax, or e-mail it to:
Law Offices of Vincent S. Wong
39 East Broadway, Suite 306
New York, NY 10002
Fax:  212-349-6599
vswlaw@gmail.com

_Jian Wu Lin_
Full Legal Name (Print)

_JIAN WU LIN_
Signature

_02/09/2018_
Date

**Further Information Regarding The Consent To Join Form**

Please fill out this sheet of information, so that I, your attorney, may reach you in the future to provide updates regarding the progression of the lawsuit, and so that we can give you your share of any money that is recovered (if any) from the defendant on your behalf.