UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JIAN WU LIN,

                          Plaintiff,

          -against-                               **MEMORANDUM AND ORDER**
                                                                      18 CV 933 (CLP)

JING WAH CHINESE RESTAURANT, et al.,

                          Defendants.
------------------------------------------------------------X
**POLLAK**, United States Magistrate Judge:

       On February 23, 2018, plaintiff Jian Wu Lin commenced this action against defendants Jing Wah Chinese Restaurant Inc., Yi Ping Ou, and John Does Number 1-10 (collectively, "defendants"). Plaintiff alleges violations of the Fair Labor Standards Act's ("FLSA") provisions requiring payment of overtime and minimum wages, 29 U.S.C. § 201 et seq., and violations of the minimum wage, overtime, prompt payment, and wage statement provisions of the New York Labor Law ("NYLL") § 160 et seq. (Compl.[1] ¶ 1).

       The parties reached a settlement of this matter, the terms of which are set forth in a Settlement Agreement, filed with the Court. (See Sett. Agr.[2]). On November 20, 2018, plaintiff filed a letter motion requesting that the Court approve the Settlement Agreement as fair and reasonable under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 207 (2d Cir. 2015). On December 12, 2018, the Court held a fairness hearing on the plaintiff's motion. For the reasons set forth in this Order, the Court approves the parties' settlement as fair and reasonable.

---

[1] Citations to "Compl." refer to plaintiff's Complaint dated February 13, 2018, ECF No. 1.
[2] Citations to "Sett. Agr." refer to the Settlement Agreement dated November 14, 2018, ECF No. 22-1.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Jian Wu Lin alleges that he was employed as a delivery person for defendants' Chinese restaurant from October 2016 until July 2017. (Pl.'s Ltr.[3] at 2). Plaintiff claims that during his period of employment he regularly worked 72 hours per week and that defendants failed to consistently pay him one and one-half times his regular rate of pay for all hours worked over 40 per week. (Id. at 1-2). Plaintiff also claims that although he earned tips, defendants never informed him of the provisions of the tip credit law and that defendants failed to provide him with a wage notice. (Id. at 2).

The parties propose to settle the case for a total of $35,000. (Id.) Of that amount, plaintiff is to receive $22,964.50. (See id. at 4).

For the reasons set forth below, the Court approves the Settlement Agreement as fair and reasonable.

## DISCUSSION

I.  Legal Standards

In considering whether to approve an FLSA settlement, courts consider whether the agreement "reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." Le v. Sita Info. Networking Computing USA, Inc., No. 07 CV 86, 2008 U.S. Dist. LEXIS 46174, at *1-2 (E.D.N.Y. June 12, 2008); accord Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982) (holding that where an FLSA settlement is a reasonable compromise, the settlement should be

---

[3] Citations to "Pl.s' Ltr." refer to plaintiff's Letter Motion for Settlement Approval dated November 20, 2018, ECF No. 22.

approved to "promote the policy of encouraging settlement of litigation"). Courts have identified several factors to consider when determining whether a proposed settlement is fair and reasonable, including:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (citations omitted); see also Cohetero v. Stone & Tile, Inc., No. 16 CV 4420, 2018 WL 565717, at *2 (E.D.N.Y. Jan. 25, 2018) (endorsing the factors from Wolinsky).

II. Settlement Amount

The parties propose a total settlement amount of $35,000, for which plaintiff will receive $22,964.50. (Pls.' Ltr. at 2). In reaching this settlement, plaintiff wishes to avoid the risks of litigation and acknowledges that there were a number of contested factual issues, including the number of months plaintiff was employed by defendants and the number of hours worked per week which, depending on how they were resolved, could adversely affect plaintiff's ability to recover. (Id. at 4). Plaintiff also contends that even if he were to receive a larger amount after trial, he "would have a difficult time collecting more money" as the corporate defendant operates a largely cash business and plaintiff has not identified any assets for the individual defendants. (Id. at 2).

Of the $35,000, plaintiff's counsel is to receive $11,482.25 in attorney's fees and $553.25 in costs. (Id. at 4). The requested fees represent "78% of [counsel's] lodestar" of

3

$14,677. Counsel's lodestar is supported by contemporaneous records filed with the Court. (Id. at 4-5).

In this case, after holding a fairness hearing and reviewing the plaintiff's submission, the Court finds that the settlement reached is a fair and reasonable compromise of plaintiff's claims, considering the amount received, the issues of potential liability that might have limited recovery, and the fact that the parties engaged in arms' length negotiations among experienced counsel sufficient to gain an understanding of the risks and benefits of proceeding with the litigation. Cf. Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d at 335 (examining the factors courts consider when approving FLSA settlement agreements).

Having considered the various issues in dispute, and being familiar with the case, the Court finds that the settlement amount is fair and reasonable and that the attorney's fees are also reasonable.

The parties shall file a stipulation of dismissal with prejudice by January 14, 2019.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
December 14, 2018

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York